**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1162
_____

SHONDA BROWN-STEWART,
Appellant

v.

HACKENSACK UNIVERSITY MEDICAL CENTER;
HACKENSACK MERIDIAN HEALTH INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-21-cv-10570)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 21, 2024

Before: JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: August 26, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Shonda Brown-Stewart filed a complaint in which she alleged that Defendants Hackensack University Medical Center and Hackensack Meridian Health Inc. (collectively "HUMC") wrongfully terminated her and discriminated against her due to her age. Brown-Stewart also brought a retaliation claim. The Defendants filed a motion for summary judgment, which the District Court granted. This appeal timely followed.

Brown-Stewart, a registered nurse, was hired by HUMC in November 2020 and terminated on February 26, 2021. Before being hired by the Defendants, Brown-Stewart had about 31 years of experience in the healthcare/medical field, and 6 years as a licensed nurse. HUMC hired Brown-Stewart on a 90-day probationary basis, and she was evaluated by three different "preceptors," i.e., peers who assist new hires through the orientation process and ensure that patient care standards are met during an employee's probationary period. All three preceptors noted significant shortcomings in Brown-Stewart's job performance. HUMC's employment policy indicates that "[e]mployees who do not successfully complete their introductory period will be terminated." Brown-Stewart was 49 years old when she was hired, and the same age when HUMC terminated her near the end of her probationary period. At all times relevant to this proceeding, HUMC employed 98 nurses, 25 of whom were over the age of 49 and the oldest being 83 years old.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment, applying the same standard as the District Court, and we may affirm on any basis supported by the record. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). "Summary judgment is appropriate only where, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Ruehl v. Viacom, Inc., 500 F.3d 375, 380 n.6 (3d Cir. 2007) (internal quotation and citation omitted).

The District Court noted that all three of Brown-Stewart's assigned preceptors reported that Brown-Stewart suffered from performance issues such as poor time management, a lack of critical thinking, an inability to multitask, and inaccuracies in patient charts and nurse notes. Noting this fact, the District Court concluded that Brown-Stewart failed to provide evidence supporting one element of the test for showing a prima facie case of age discrimination, namely that she was qualified for the position. The District Court also determined that Brown-Stewart failed to provide evidence supporting a second element of the test for a prima facie case of age discrimination, in that she did not allege or offer any evidence to show that she was "replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." See Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 644 (3d Cir. 2015). Furthermore, the District Court noted facts that undercut Brown-Stewart's position on this issue, namely that: HUMC employed registered nurses of a variety of ages, including

3

those older than Brown-Stewart; other individuals were terminated for reasons similar to the performance-based rationale cited by HUMC to explain why it terminated Brown-Stewart; and Brown-Stewart never reported age discrimination or harassment prior to her termination.

Similarly, the District Court concluded that Brown-Stewart failed to provide evidence supporting two elements of her retaliation claim, as she did not provide evidence showing that: (1) she was engaged in a protected activity and (2) a causal link existed between her protected activity and her termination. See Moore v. City of Phila., 461 F.3d 331, 340–41 (3d Cir. 2006). The District Court reached this conclusion because Brown-Stewart did not provide evidence of a protected activity, such as reporting age discrimination to HUMC prior to her termination or the initiation of the instant proceeding. In light of her failure to provide evidence showing that she was engaged in a protected activity, the District Court reasoned that she also failed to establish the existence of a causal link between any protected activity and her termination.

For these reasons, the District Court granted HUMC's motion for summary judgment. In her brief, Brown-Stewart does not challenge the District Court's legal analysis. She contends that the District Court granted summary judgment "based on facts that were not true," but she does not provide any details or substance to support her contention that the facts upon which the District Court relied were untrue or incorrect. Instead, she broadly argues that she is qualified for the nursing position, a number of staff members at HUMC "had it out for" her, and that her performance was "overly criticized."

4

Even assuming arguendo that Brown-Stewart was qualified for the position, she fails to argue or reference any evidence supporting one element of her age discrimination claim: that she was "replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." Willis, 808 F.3d at 644.

Upon review, we concur with the District Court's conclusions, for the reasons that it provided. Accordingly, we will affirm its judgment. We grant Brown-Stewart's motion for leave to correct accidental errors made on her reply brief, and we have considered this document as corrected according to the specifications Brown-Stewart presents in her motion.